UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVE LONG,

    Plaintiff,

v.                                     Case No:  2:16-cv-322-FtM-99MRM

EAST COAST WAFFLES, INC.,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant East Coast Waffles, Inc.'s Motion to Dismiss (Doc. #17) filed on May 31, 2016.  Plaintiff Steve Long filed a Response in Opposition (Doc. #24) on June 27, 2016.  The matter is ripe for review.

## **Background**[2]

This is a negligence action.  In February 2014, two men entered a Waffle House restaurant in Fort Myers, Florida, brandishing firearms and demanding money from the employees and patrons.  Twelve days later, the same two men struck another Waffle House location in identical fashion.  This time, the assailants committed more violence against the employees and patrons, stealing cash, jewelry, and other valuables, while beating the victims and holding them at gunpoint.  Like clockwork, the assailants struck a

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Amended Complaint (Doc. #2) alleges the following facts, which the Court accepts as true for the purpose of deciding the instant Motion to Dismiss. See *Speaker v. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010).

third Waffle House location less than two weeks later. The assailants became even more brazen with their violent acts, "brutally" beating employees and patrons inside the establishment. Detectives from the Lee County Sheriff's Office noted that there was a clear escalation of violence in each incident. Determined to help facilitate the capture of the parties responsible for these heinous acts, Defendant offered a reward for anyone who could identify the assailants. Unfortunately, this incentive did not work.

Roughly one month after the third robbery, Plaintiff took a taxi cab to a fourth Waffle House location in the Fort Myers area. As Plaintiff approached the establishment's main entrance, he noticed two men lurking in between the entrance and the back of the building. Nevertheless, Plaintiff entered the restaurant and ordered food. While he was waiting for his food to arrive, Plaintiff noticed that the two men had now moved closer to the main entrance. After Plaintiff paid for his meal, he exited through the main entrance only to be immediately accosted by the two men. The men blocked Plaintiff's path and demanded money. Plaintiff responded that he did not have any money, but, unfortunately for Plaintiff, the men had just witnessed Plaintiff pay for his meal. At that time, two additional men approached Plaintiff from behind, brandishing firearms. One of the men struck Plaintiff over the head with an object, while the others proceeded to kick his face, head, and upper body. When the attack was over, Plaintiff suffered from a fractured mandible, eye-socket, and other facial bones; a closed head injury with resulting neurological damage; loss of teeth; and a "TMJ" disorder, among other injuries.

Based on these facts, Plaintiff brought a single count of negligence against Defendant, alleging Defendant (1) failed to take adequate security precautions to protect invitees from criminal acts; (2) failed to adequately control and supervise . . . ingress and

egress to the premises; (3) allowed a dangerous condition to exist at the premises with actual or constructive knowledge of the danger; (4) caused and allowed the premises "to be in a state of danger to members of the public; (5) failed to keep the premises in a safe condition; (6) failed to warn invited guests of the dangers at the premises; permitted and condoned criminal activity at the premises; (7) failed to maintain adequate lighting at the premises; (8) negligently hired and retained employees; and (9) failed to adequately train employees.

## Legal Standard

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557).

## Discussion

Defendant argues that Plaintiff's negligence claim should be dismissed, in part, for failure to state a claim upon which relief can be granted. According to Defendant,

negligent hiring, negligent retention, and negligent training are all separate and independent causes of action under Florida law. As such, each of these claims has elements separate and distinct from a general negligence claim. Instead of separating and alleging facts for each of these separate and distinct claims, Plaintiff grouped them together with other theories into a single negligence claim. Defendant believes this was improper and therefore avers that the negligent hiring, negligent retention, and negligent training portions of Plaintiff's negligence claim should be dismissed. Plaintiff disagrees. He directs the Court's attention to other actions involving similar claims, which he believes illustrates that these claims were properly pled. The Court agrees with Defendant.

Claims for negligent hiring, negligent retention, and negligent training undoubtedly fall under the negligence umbrella. However, each of these claims require elements beyond those required to assert a general negligence claim. For example, to assert a claim for negligent hiring or retention under Florida law, a plaintiff must allege "(1) the agent/employee/contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Flaherty v. Royal Caribbean Cruises, Ltd.,* --- F. Supp. 3d ----, 2016 WL 1158289, at *2 (S.D. Fla. Mar. 23, 2016) (citation omitted). Instead of separating the various claims and asserting the proper allegations to support them, Plaintiff improperly asserted them together in a single negligence claim. Therefore, the negligent hiring, negligent retention, and negligent training claims asserted in Plaintiff's Amended Complaint are dismissed without prejudice. *See Morrison v. Univ. of Miami, No. 1:15-cv-23856-UU, 2016 WL 3128604, at *9 (S.D. Fla. Mar. 21, 2016)* (agreeing with the defendant that the plaintiff improperly

4

"clump[ed] together separate causes of action, including negligent retention and/or negligent training, which must be separated and sufficiently pleaded").

Accordingly, it is now

**ORDERED:**

1. Defendant East Coast Waffles, Inc.'s Motion to Dismiss (Doc. #17) is **GRANTED**.

2. Plaintiff Steve Long's Amended Complaint (Doc. #2) is **DISMISSED,** in part**, without prejudice**.  Plaintiff may file a second amended complaint on or before Friday, July 29, 2016, to correct the deficiencies identified in this Order.

**DONE** and **ORDERED** in Fort Myers, Florida, this 14th day of July, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record