UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Steve Long,  Civ. No. 2:16-322-FtM-PAM-MRM

           Plaintiff,

v.  **ORDER**

East Coast Waffles, Inc.,

           Defendant.

_____

This matter is before the Court on the parties' Motions in Limine.

**A.    Defendant's Motions**

**1.    Evidence**

Defendant's first Motion seeks the exclusion of seven different types of evidence.

    a.    <u>Prior incidents</u>

One of the claims in this case is that the Naples Waffle House should have been aware of the danger of robberies because of robberies at other Waffle Houses in the area. Defendant argues that Plaintiff has failed to establish that the other incidents are sufficiently similar to the incident involving him to make those other incidents in any way probative of the issues in this case.

To establish his negligence claim, Plaintiff must show that the attack was reasonably foreseeable. While similar incidents at other Waffle Houses may not suffice to establish reasonable foreseeability, it is certainly relevant to that issue. This part of the Motion is denied.

b.  Employee opinions

Defendant contends that Plaintiff will seek to offer the opinions of a Waffle House employee on several topics. As Plaintiff describes the testimony, it is likely irrelevant to any issue in the case. However, to the extent that this, or any, witness's testimony strays into objectionable areas, Defendant can object at that time. This part of the Motion is denied without prejudice to objection during trial.

c.  Pretrial proceedings

Defendant asks the Court to exclude evidence of the parties' pretrial discovery disputes. Plaintiff has not responded to this part of the Motion, apparently conceding that such evidence is irrelevant. This part of the Motion is therefore denied as moot.

d.  Dental examination

Defendant contends that Plaintiff will offer commentary about Defendant's failure to secure a clinical examination of Plaintiff by Defendant's dental expert. Of course, Plaintiff may inquire whether the expert conducted a clinical exam. Whether further commentary on this issue is admissible will depend on the evidence adduced at trial. This part of the Motion is denied without prejudice.

e.  Surveillance video footage

Defendant argues that Plaintiff will seek to introduce surveillance footage from earlier in the evening to argue that Defendant allowed a group of young people to remain in the restaurant to socialize. Plaintiff contends that this video shows people in the restaurant violating the restaurant's security policies, but the Court has difficulty understanding why video footage of individuals in the restaurant doing things they should

not have been doing is relevant to whether the attack on Plaintiff was reasonably foreseeable. Absent a showing that the video is somehow relevant to Plaintiff's claims in this matter, the video is irrelevant. This part of the Motion is granted, albeit without prejudice to any proffer Plaintiff may wish to make regarding the video's relevance.

Defendant also moved to exclude surveillance footage from after the incident, allegedly showing an employee counting his tips. But Plaintiff believes that the footage actually shows this employee with Plaintiff's wallet, establishing that the employee was involved in the attack. While the Court cautions the parties to ensure that the trial does not devolve into a mini-trial on the issue of who perpetrated the attack, the evidence regarding an employee's possible involvement in the attack may be relevant. This part of the Motion is denied without prejudice to specific objection at trial.

f. Plaintiff's conspiracy theory

As stated above, evidence that a Waffle House employee was involved in the subject incident is potentially relevant to Plaintiff's claims. This part of the Motion is thus denied without prejudice.

g. Conflicting testimony

Defendant contends that Plaintiff will attempt to testify contrary to his deposition that the attack involved more than merely being punched in the jaw. But the excerpt from the deposition on which Defendant relies does not support its Motion. If Defendant believes that Plaintiff's deposition contradicts his trial testimony, Defendant may seek to impeach Plaintiff at that point. This is not a proper subject of a motion in limine, and this part of the Motion is denied.

### 2. Expert Witness

Defendant asks the Court to exclude testimony from one of Plaintiff's expert witnesses, Dr. Francis X. Conidi. According to Defendant, not only was Dr. Conidi not timely disclosed, his testimony is centered on a new allegation, not previously pled, that Plaintiff suffered a traumatic brain injury. Because Plaintiff did not previously allege such an injury or disclose the expert in a timely fashion, Defendant claims that it has no testimony to rebut Dr. Conidi's testimony.

Plaintiff has consistently claimed to have cognitive and memory impairment from the head injury he suffered in the attack. Defendant's assertion that it was surprised by an expert testifying to the extent of that impairment is not credible. Although not a rebuttal expert, Dr. Conidi may testify to Plaintiff's injuries. This Motion is denied.

### B. Plaintiff's Motions[1]

#### 1. Alcohol

Plaintiff seeks the exclusion of any evidence that he was intoxicated or had been drinking before the incident at the Waffle House. He testified at his deposition that, in the hours before the incident, he was at a different restaurant and consumed one and one-half beers. Defendant filed an untimely response to this Motion, contending that because a paramedic's notation indicated that Plaintiff had consumed alcohol, Defendant should be allowed to put this evidence before the jury to challenge Plaintiff's credibility. But the

---

[1] Plaintiff filed an untimely Motion in Limine, asking the Court to exclude evidence that Plaintiff was convicted of passing a bad check. According to Plaintiff, Defendant has no evidence regarding this conviction and thus the conviction cannot be admitted under Rule 609(a)(2). Because this Motion is untimely, Defendant has not responded to it. The Court will defer a ruling pending a response or further argument at trial.

cases Defendant cites as authority are from outside this jurisdiction, and absent some indication that Defendant has more evidence than a single notation that Plaintiff was intoxicated, this evidence is irrelevant and prejudicial. The Motion is granted.

2. **Prior Injuries**

Plaintiff asks the Court to exclude evidence of other injuries he suffered in the past, because he believes they are wholly unrelated, both in time and in physical location, to the injuries he claims to have suffered here. Defendants offer no argument regarding why any particular former injury may be relevant to an injury Plaintiff claims to have suffered in the attack. Absent any indication that Plaintiff's prior injuries are somehow related to or relevant to the injuries Plaintiff now claims, the evidence is irrelevant and inadmissible. This Motion is granted without prejudice to specific argument at trial.

3. **Speculative Evidence**

Plaintiff contends that Defendant will introduce a police report from the incident, indicating that Plaintiff did not wish to press charges after the incident. Defendant contends that this evidence is relevant to Plaintiff's state of mind and also supports Defendant's comparative negligence defense. But police reports are not evidence, and the statements in those reports are hearsay. Subject to argument at trial, the Court will exclude this evidence. The Motion is therefore granted, albeit without prejudice to further development of the record on the issue.

4. **Tax Lien**

Defendant's exhibits include a Notice of Federal Tax Lien against Plaintiff for unpaid taxes from 1999 to 2003. Plaintiff contends that this evidence is inadmissible

under Rule 404(B) as evidence of other crimes or acts. But Rule 404(B) does not apply here. Although this evidence is likely only tangentially relevant to Plaintiff's financial condition at the time of the incident in 2014, Defendant may seek to establish the evidence's relevance to Plaintiff's claimed damages in this matter. The Court will thus deny the Motion without prejudice, subject to specific objection at trial.

5. **Evidence**

Plaintiff seeks to exclude a variety of evidence, including whether Plaintiff applied for Social Security Disability, owned certain property, or used different names. Defendant opposes the Motion only as it relates to Plaintiff's application for Social Security Disability, claiming that such evidence is relevant to Plaintiff's claims for lost wages and loss of earning capacity, and may be relevant for impeachment purposes.

A ruling on the admissibility of this evidence must await the development of the evidence at trial. The Motion is denied in part as moot and denied without prejudice as to evidence of Plaintiff's Social Security Disability claim.

6. **Fraud Claim**

At Plaintiff's deposition, Defendant inquired about Plaintiff's former employees accusing Plaintiff of fraud. Plaintiff asks the Court to exclude any evidence regarding these alleged fraud claims.

Defendant explains that part of Plaintiff's lost-wages claim is that he was forced to hire other truckers to haul for him. Those other truckers, however, claim that Plaintiff did not pay them or did not fully pay them. Thus, the evidence is relevant to the extent of Plaintiff's lost wages.

The Court cannot determine the admissibility of this type of evidence on a paper record. Certainly, evidence to rebut Plaintiff's damages is admissible, but some testimony may stray into irrelevant or prejudicial territory. This Motion is therefore denied without prejudice to specific objection at trial.

7. **Accusations**

Plaintiff asks the Court to exclude any evidence that Plaintiff made racial slurs either before or after the incident in question. A Waffle House employee allegedly overheard Plaintiff make racial slurs on the night of the incident. Plaintiff contends that such evidence constitutes impermissible character evidence.

Defendant argues that this evidence supports a "reasonable inference" that Plaintiff's use of racial slurs provoked the attack. (Def.'s Opp'n Mem. (Docket No. 119) at 2.) Again, Defendant insists that this evidence supports its comparative negligence claims.

Evidence regarding racial slurs has the potential to be highly inflammatory. Moreover, without context regarding Defendant's purported comparative-fault defense, such as whether the alleged assailants heard Plaintiff make these comments, the Court cannot determine that such evidence is admissible. This decision must await the testimony at trial. The Court expects the parties to bring the matter to the Court's attention outside the presence of the jury before attempting to present any such testimony. This Motion is denied without prejudice.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion in Limine (Docket No. 99) is **DENIED without prejudice**;

2. Defendant's Motion in Limine (Docket No. 100) is **DENIED**;

3. Plaintiff's Motion in Limine (Docket No. 103) is **GRANTED**;

4. Plaintiff's Motion in Limine (Docket No. 104) is **GRANTED without prejudice**;

5. Plaintiff's Motion in Limine (Docket No. 107) is **GRANTED without prejudice**;

6. Plaintiff's Motion in Limine (Docket No. 108) is **DENIED without prejudice**;

7. Plaintiff's Motion in Limine (Docket No. 109) is **DENIED in part as moot** and **DENIED in part without prejudice**;

8. Plaintiff's Motion in Limine (Docket No. 110) is **DENIED without prejudice**; and

9. Plaintiff's Motion in Limine (Docket No. 111) is **DENIED without prejudice**.

Dated:  February 28, 2018

                                               *s/Paul A. Magnuson*
                                               Paul A. Magnuson
                                               United States District Court Judge